UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Shenzhen Xiangdangwen Technology Co., Ltd.** <br>         Plaintiff, <br><br>     v. <br><br> **Shenzhen Zhenwei Xin Technology Co., Ltd.** <br><br>         Defendant. | Case No.  4:25-cv-1205 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **AND DEMAND FOR A JURY TRIAL.** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Shenzhen Xiangdangwen Technology Co., Ltd. ("Xiangdangwen" or "Plaintiff"), by and through its undersigned counsel, brings this action for declaratory relief against Defendant Shenzhen Zhenwei Xin Technology Co., Ltd. ("Zhenwei Xin" or "Defendant"). Xiangdangwen seeks declarations that U.S. Patent No. 12,388,922 (the "'922 Patent"), purportedly owned by Zhenwei Xin, is invalid and/or not infringed by Xiangdangwen's manufacture, use, sale, offer for sale, or importation of its products. In support thereof, Xiangdangwen alleges as follows:

**NATURE OF THE ACTION**

1.     This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Xiangdangwen requests the relief because Defendant Zhenwei Xin alleges that the "B King" Amazon storefront (Seller ID: A3G4I7MQ0EI4OR), "LISEN Direct" Amazon storefront

(Seller ID: A3ISN3IGK0NJQ9), LISEN-US Shop TikTok storefront (Store Code: CNUSCBNWELRP) and other stores operated by Xiangdangwen, infringe United States Patent No. 12,388,922 (the "'922 Patent") by making, using, selling, offering for sale, and/or importing the Lisen A608 vacuum magnetic phone holder (identified by, including but not limited to, ASIN Nos. B0F6D28F7R, B0FHPZQ1BQ, B0F6NHW9MM) ("Xiangdangwen Accused Product"). Zhenwei Xin's allegations have introduced uncertainty into Xiangdangwen's business operations, disrupted its operations, and placed Xiangdangwen at an imminent risk of litigation. These circumstances give rise to a substantial and justiciable controversy between the parties that Xiangdangwen seeks to resolve through this action.

## THE PARTIES

2. Plaintiff Xiangdangwen is a company organized and existing under the laws of the People's Republic of China with its principal place of business at 10E-03, Building 1, Shenzhen International Digital Park, Minxin Community, Minzhi Street, Longhua District, Shenzhen, China.

3. Xiangdangwen is responsible for the invention, design, and sale of electronic products, mobile phone peripherals, and computer peripherals, marketed under the "Lisen" brand on Amazon.com.

4. On information and belief, Defendant Zhenwei Xin is a company organized and existing under the laws of the People's Republic of China with its principal place of business at 301, Yongyi International Stationery City No. 68, Guangshen Rd., Xinqiao St., Bao'an Dist., Shenzhen.

5. On information and belief, Zhenwei Xin is the assignee of the '922 Patent and, as such, is the owner of all rights, title, and interest in and to the '922 Patent, as reflected in the

records of the United States Patent and Trademark Office. A true and correct copy of the '922 Patent is attached hereto as Exhibit A (the '922 Patent).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has personal jurisdiction over Zhenwei Xin as Zhenwei Xin has purposefully directed its patent enforcement activities toward this judicial district. Specifically, Zhenwei Xin purposefully directed patent enforcement activities at the United States, including retaining U.S. counsel to analyze its U.S. patent rights, asserting infringement as to Xiangdangwen's products sold within this District, and threatening to file suit on its U.S. patent, thereby creating an actual and justiciable controversy under 28 U.S.C. §§ 2201 *et seq*.

8. Additionally, this Court has personal jurisdiction over Zhenwei Xin under Rule 4(k)(2).[1] On information and belief, the Zhenwei Xin is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of such jurisdiction is consistent with the United States Constitution and laws. Because Zhenwei Xin has communicated and directed its patent rights within the United States, personal jurisdiction is thus also proper in pursuance of Rule 4(k)(2).

---

[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(c)(3) because Zhenwei Xin is a foreign entity not residing in the United States and, therefore, may be sued in any judicial district.

## PATENT-IN-SUIT

10. On August 12, 2025, the United States Patent Office issued U.S. Patent No. 12,388,922, titled "Bracket." The '922 Patent identifies Wen Tian as the inventor, and Zhenwei Xin as the assignee. *See* the '922 Patent. An exemplary figure from the '922 Patent is shown below:



11. The '922 Patent concerns a bracket for supporting electronic devices. Claim 1 of the '922 Patent is directed to the base of the bracket, which comprises a base body, a suction cup at the bottom of the base body, and a connecting rod coupled to the suction cup and movable axially between the first and second positions (upward and downward). Moving the connecting rod from the second to the first position (upward) raises the suction cup, creating a vacuum cavity; pushing it back to the second position (downward) releases that vacuum. The base further includes a rotating member rotatable relative to the base body, a first cover body with a horizontally extending swing groove parallel to the bottom surface of the suction cup, and a swing rod attached to the rotating member that passes through the swing groove and protrudes from the first cover body. The groove's end walls limit the rotating member's angular

range of rotation.

12. Claims 2-18 are dependent claims of claim 1.

13. Claims 2-15 add mechanical implementation details (e.g., climbing tracks, pin shaft, spring) that further define how the rotation of the rotating member is translated into axial movement of the connecting rod, and how such axial movement engages or releases the suction cup.

14. Claims 16-18 add a telescopic support rod mounted on the base, with its distal end connected to a support main body containing a magnetic attraction member. The support main body has an accommodating groove to receive the support rod when folded.

## BACKGROUND

15. Xiangdangwen, founded on April 7, 2017, is a leading global company primarily engaged in the invention, design, development, and sale of electronic products, mobile phone peripherals, and computer peripherals. It owns the "Lisen" trademark and has designed and developed various Lisen-branded products, including Xiangdangwen Accused Product.

16. Xiangdangwen, as the developer and designer of Xiangdangwen Accused Product, maintains complete development documentation, including project development schedules, product analysis reports, mold design drawings, and other records demonstrating independent design and development.

17. Zhenwei Xin is an existing supplier of Xiangdangwen. It maintains a limited business relationship with Xiangdangwen on other product lines.

18. On September 27, 2025, Xiangdangwen received an email from Zhenwei Xin

stating that Xiangdangwen Accused Product infringes the '922 Patent. *See* Ex. B (The September Patent Communication). The email directed Xiangdangwen to resolve the dispute promptly, warning that failure to reach a settlement may result in Zhenwei Xin taking further legal action, including "filing a TRO" or "initiating infringement litigation" against Xiangdangwen. *See id*.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '922 Patent)**

19. Xiangdangwen repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

20. An actual and justiciable controversy exists between Xiangdangwen and Zhenwei Xin regarding whether Xiangdangwen infringes any valid and enforceable claim of the '922 Patent.

21. Xiangdangwen does not and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '922 Patent.

22. Claim 1 of the '922 Patent, as reflected in the claim chart sent by Zhenwei Xin, provides as follows:

> 1. A bracket, comprising:
>
> a base,
>
> wherein the base comprises:
>
> a base body;
>
> a suction cup provided at a bottom portion of the base body; and
>
> a connecting rod provided on the base body and connected to the suction cup;
>
> wherein the connecting rod is movable between a first position and a second position along its axial direction;

when the connecting rod is moved from the second position to the first position along its axial direction, the connecting rod is configured for driving the suction cup to rise to form a vacuum negative pressure cavity; and when the connecting rod is moved from the first position to the second position along its axial direction, the connecting rod is configured for driving the suction cup to descend to release vacuum negative pressure in the vacuum negative pressure cavity;

wherein the base body is provided with a rotating member, the rotating member is rotatable relative to the base body;

the base body is covered with a first cover body; and a swing groove is horizontally defined in the first cover body; the swing groove is parallel to a bottom surface of the suction cup;

the rotating member is connected with a swing rod; an end portion of the swing rod passes through the swing groove and extends out of the first cover body;

wherein a rotation angle of the rotating member is limited by two end groove walls of the swing groove.

23.     Xiangdangwen Accused Product does not directly or indirectly infringe claim 1 of the '922 Patent, or the claims that depend on it, because Xiangdangwen Accused Product does not have all the claimed elements, either literally or under the doctrine of equivalents.

24.     By way of a non-limiting example, Xiangdangwen Accused Product does not infringe claim 1 of the '922 Patent because at least the following claim element is not present, literally or under the doctrine of equivalents: a "swing groove … horizontally defined in the first cover body." *See* the chart below (demonstrating Xiangdangwen Accused Product does not embody a "first cover body" as claimed in the '922 Patent).

| The '922 Patent | Xiangdangwen Accused Product |
|---|---|
| | |

25.     Xiangdangwen is entitled to judgment declaring that Xiangdangwen does not infringe and has not infringed any valid and enforceable claim of the '922 Patent.

## COUNT II
**(Declaratory Judgment of Invalidity of the '922 Patent)**

26.     Xiangdangwen repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

27.     An actual and justiciable controversy exists between Xiangdangwen and Zhenwei Xin regarding the invalidity of the '922 Patent.

28.     The claims of the '922 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 because each and every element of those claims was publicly disclosed in one or more references prior to the earliest priority date of the '922 Patent.

29.     Without limiting the grounds of invalidity that will be asserted in this action, the CN107317899A Patent attached as Exhibit C (the CN899 Patent), the CN218387583U Patent attached as Exhibit D (the CN583 Patent), and the CN210652937U Patent attached as Exhibit E (the CN937 Patent), either alone or in combination, render at least claims 1-15 of the '922 Patent invalid as anticipated or obvious. All the above-mentioned patents disclose

certain types of vacuum phone brackets, which include each and every element required by claims 1-15 of the '922 Patent. In each reference, there is (i) a base-like structure to which the bracket elements are mounted (corresponding to the "base body"); (ii) a member that is rotatable relative to that base (corresponding to the "rotating member"); (iii) a suction cup; and (iv) an axially movable rod or post coupled to the suction cup (corresponding to the "connecting rod"), as well as an outer housing or cover through which an operating element extends (corresponding to the "first cover body" with a horizontal "swing groove"). Each reference further teaches the same functional mechanism as the '922 Patent, namely, that rotation of the rotatable member is translated into axial travel of the rod to lift the suction cup so as to create the vacuum cavity, or to lower the suction cup so as to release the vacuum cavity.

30. In addition, publicly available Amazon listings show multiple commercially available vacuum phone brackets that, on their face, incorporate the same core components recited in claims 1-18 of the '922 Patent, including a suction cup, an axially movable connecting rod, a rotatable member for driving the suction mechanism, a telescopic support rod, and a phone-support structure. These substantially identical products were already available and sold on the market before the priority date of the '922 Patent. Screenshots of these products, together with their ASINs and listing dates, are attached as Exhibit F (the 2022 Prior Art) and Exhibit G (the 2020 Prior Art).

31. A person of ordinary skill in the art would find each and every element of claims 1-18 of the '922 Patent expressly or inherently disclosed in the CN899 Patent, the CN583 Patent, the CN937 Patent, and/or the Amazon product listings identified in the 2022 Prior Art and the 2020 Prior Art, either alone or in combination. A person of ordinary skill in the art would have been motivated to combine or consult these references, as all pertain to the same

field of technology and provide complementary teachings on configuring a vacuum magnetic phone holder.

32. Xiangdangwen seeks, and is entitled to, a declaratory judgment that claims 1-18 of the '922 Patent are invalid.

33. Xiangdangwen reserves the right to assert additional grounds of invalidity after conducting discovery and after the Court has construed the claims.

## RESERVATION OF RIGHTS

Xiangdangwen hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Xiangdangwen respectfully requests the following relief:

(A) A Judgment declaring that Xiangdangwen has not infringed and is not infringing, either directly or indirectly, any claim of the '922 Patent;

(B) A Judgment declaring that all claims of the '922 Patent are invalid;

(C) Preliminary and permanent injunctions enjoining Zhenwei Xin and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from alleging, representing, or otherwise stating that Xiangdangwen (including its affiliates) infringe any claims of the '922 Patent and from instituting or initiating any action or proceeding alleging infringement of any claims of the '922 Patent against Xiangdangwen (including its affiliates) or any of their customers;

(D) A Judgment that is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Xiangdangwen its attorneys' fees, costs, and expenses incurred in this action; and

E. Such further and other relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Xiangdangwen demands a trial by jury on all issues so triable.

Dated: November 4, 2025                                    Respectfully submitted,

By: */s/ Shaoyi Che*
Shaoyi Che (Texas Bar No. 24139843)
Tianqin Zhao (D.C. Bar No. 90027862)
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
che@yzlaw.com
zhao@yzlaw.com
**ATTORNEYS FOR PLAINTIFF**